UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY G. SHINE,

        Plaintiff,

v.                                                         Case No. 12-14099

                                                          HON. AVERN COHN

UNITED STATES OF AMERICA,
JOHN D. DINGELL MEDICAL CENTER,
GEN. ERIC K. SHINSEKI, Secretary of Veterans
Affairs, and PAMELA J. REEVES, M.D., Director
of the John D. Dingell VA Medical Center,

        Defendants.
_____/

**MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT (Doc. 31)**

### I. Introduction

        This is a tort case. Plaintiff Anthony G. Shine alleges that on September 17, 2010 he was sexually assaulted by x-ray technician Eric Aggrey (Aggrey) at the John D. Dingell VA Medical Center (Medical Center) in Detroit during a routine x-ray examination. Plaintiff also alleges that others at the Medical Center, especially patient advocate Paul Miller (Miller), mishandled his report of the assault, humiliated him, and refused to assist him in complaining about Aggrey. As will be explained, plaintiff filed two complaints in federal court regarding this incident.

        Before the Court is the government's motion to dismiss the amended complaint.[1]

---

[1] Plaintiff filed a motion to vacate the order substituting the United States as a defendant and to reinstate Aggrey and Miller as defendants (Doc. 34). At oral argument on October 30, 2013, plaintiff withdrew the motion. It is no longer pending.

For the reasons that follow, the motion will be granted in part and denied in part. Plaintiff's claims under Counts 2A and 2B of the amended complaint continue against Aggrey, as defended by the United States.

## II.  Background

On August 15, 2011, plaintiff, proceeding pro se, filed a complaint naming "Joe Defendant LNU," Eric Aggrey,"[2] and the Medical Center as defendants. Shine v. Joe Defendant, Eric Aggray, and/or John Dingell VA Medical Center, case no. 11-13549. The complaint presented a claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq. The Court dismissed the complaint without prejudice because plaintiff had not exhausted his administrative remedies under the FTCA. See Doc. 5 in case no. 11-13549.

Plaintiff then filed two separate administrative claims with the Veterans Administration (VA) on November 11, 2011. One named Aggrey and the alleged assault. The other named Miller and the alleged mishandling of plaintiff's complaint about Aggrey. The VA denied plaintiff's claim against Miller claim on December 9, 2011, finding that plaintiff's allegations were not actionable under the "discretionary function" exception to the FTCA. The VA denied plaintiff's claim against Aggrey claim on April 3, 2012 essentially for lack of merit.

On September 14, 2012, plaintiff filed a second pro se complaint. The complaint named "Joe Defender," "VAMC X-Ray Technician named Mr. Eric Aggray," VAMC Patient Advocate Paul Miller," and "the Detroit John D. Dingell VA Medical Center" as

---

[2]Plaintiff identifies defendant as "Eric Aggray;" however, the correct spelling is "Aggrey."

defendants. (Doc. 1). Plaintiff applied to proceed in forma pauperis, for appointment of counsel, and for service by the United States Marshal. (Doc. 2-3).

On September 18, 2012, the case was reassigned to the undersigned as a companion to plaintiff's 2011 case. (Doc. 4) On September 24, 2012, the Court denied the application for counsel, but granted the request to proceed in forma pauperis and for service by the U.S. Marshal. (Doc. 5-6).

On December 28, 2012, plaintiff filed a Request for Clerk's Entry of Default as to Defendants Aggrey, the Medical Center, and Miller. (Doc. 8). The Clerk entered the Default against them on January 2, 2013. (Doc. 9).

On January 8, 2013, defendants, represented by the government through the United States Attorneys Office, filed a motion to set aside the default due to improper service. (Doc. 12).

On January 9, 2013, the government filed a Notice of Substitution, stating that the government was the proper defendant as all the individuals were acting within the scope of their employment as employees of the United States. (Doc. 13).

On January 14, 2013, the Court entered an order substituting the United States as defendant. (Doc. 17). The Court also granted the government's motion to set to aside the default. (Doc. 16).

On January 22, 2013, counsel entered an appearance on behalf of plaintiff. (Doc. 18).

On May 24, 2013, the government filed a motion to dismiss the complaint. (Doc. 26). In lieu of filing an answer, plaintiff filed an amended complaint. (Doc. 27). The amended complaint names as defendants "the United States of America," "the John D.

Dingell VA Medical Center," 'General Eric K. Shinseki, Secretary of Veterans Affairs," and "Pamela J. Reeves, Director of th John D. Dingell VA Medical Center." The amended complaint makes the following claims:

| | |
|---|---|
| Count 1 | violation of 28 U.S.C. § 1983 |
| Count 2A[3] | assault and battery |
| Count 2B | invasion of privacy |
| Count 3 | intentional infliction of emotional distress |
| Count 4 | negligence |
| Count 5 | breach of fiduciary duty |

Because the amended complaint contained new factual allegations and legal claims, the Court allowed the government an extension of time to respond to the amended complaint. The government then filed the instant a motion to dismiss the amended complaint. (Doc. 31).

## IV. Motion to Dismiss

### A. Legal Standards

When a court's subject matter jurisdiction is challenged under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the party seeking to invoke jurisdiction bears the burden of proof. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Rogers v. Stratton, 798 F.2d 913, 915 (6th Cir.1986). This burden is not onerous. Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1248 (6th Cir.1996). The party need only show that the complaint alleges a

---

[3]The complaint contains two counts labeled "Count 2." For clarity, the Court follows the government's identification of these counts as "Count 2A" and "Count 2B."

4

substantial claim under federal law. Id.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. See Albright v. Oliver, 510 U.S. 266 (1994); Bower v. Fed. Express Corp., 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### B. Analysis

#### 1. Federal Claim - Count 1

Count 1 of the amended complaint alleges a violation of 42 U.S.C. § 1983. At oral argument, plaintiff agreed to withdraw this claim. As such, Count 1 is DISMISSED.

#### 2. State Tort Claims - Counts 2 - 5

##### a. The United States is the Only Proper Defendant

The remaining counts of the complaint present state tort claims. The government

says that the United States is the only proper defendant to any tort claim and therefore Counts 2 - 5 must be dismissed as to all defendants. The Court agrees.

The FTCA provides a limited waiver of sovereign immunity for certain state law tort claims as against the United States, not against federal agencies or individuals. See Allgeier v. United States, 909 F.2d 869, 871 (6th Cir. 1990) (naming "United States Post Office" as defendant in FTCA action resulted in a fatal lack of jurisdiction); Mars v. Hanberry, 752 F.2d 254, 255-56 (6th Cir. 1985) (naming of federal employees as defendants in FTCA action made the complaint jurisdictionally defective); Nelson v. United States, 650 F. Supp. 411, 412 (W.D. Mich. 1986) ("[T]he United States is the only proper defendant in a FTCA action and courts have consistently dismissed FTCA claims filed against a federal agency... ."). Accordingly, all of the tort counts (Counts 2 through 5) are dismissed against all defendants except the United States.

Moreover, as to the tort claims, the only plausible claims are against Miller and Aggrey as these are the only claims which plaintiff exhausted under the FTCA.

### b. Plaintiff's Claims against Miller are Time Barred

The government says that plaintiff's claims against Miller are time barred. The Court agrees. The FTCA requires that a claim be filed in the District Court within six months of its denial by an administrative agency. 28 U.S.C. § 2401(b); Ellison v. United States, 531 F.3d 359, 361-364 (6th Cir. 2008)(holding that both two-year and six-month requirements in § 2401(b) must be fulfilled despite confusing, disjunctive statutory language). The conditions the United States places on its consent to be sued must be strictly observed. Soriano v. United States, 352 U.S. 270, 276 (1957).

Here, plaintiff filed two separate administrative claims, both of which were

received by the VA on November 11, 2011. The VA denied his claim as to Miller on December 9, 2011. It denied his claim as to Aggrey on April 3, 2012. Plaintiff filed suit on September 14, 2013. Plaintiff's claim against Miller was filed outside of the six month period. As such, the Court cannot consider any tort claim insofar as it relates to any wrongdoing by Miller.[4]

Plaintiff, however, contends that his claims are not time barred because the "final decision" in this matter was his claim against Aggrey which was denied on April 3, 2012 and also because plaintiff's administrative claim against Aggrey should be construed to also include a claim against Miller. The Court disagrees. Plaintiff filed two separate claims which the VA separately considered and adjudicated. Plaintiff's claim against Aggrey does not include a claim against Miller.[5]

---

[4] The claims against Miller in the amended complaint include Count 2A for battery (alleging that Miller gave plaintiff an "unwanted embrace," causing him pain); Count 3 for intentional infliction of emotional distress (alleged perpetrators are Miller, along with neurologist and nurse, against neither of whom plaintiff pursued his administrative remedies); Count 4 for negligence (not identifying any individual by name but alleging actions that are, by Plaintiff's version of the facts, presumably Miller's—e.g., "failing to assist the plaintiff in properly reporting the sexual assault"); and Count 5 for breach of fiduciary duty (alleged perpetrators are Miller, along with a Dr. Bernard Gaulier, against whom plaintiff has not exhausted his administrative remedies).

[5] Moreover, as more fully explained in the government's response, Miller's alleged actions are also subject to the discretionary function exception to FTCA liability for suits that are "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Even if not time barred, Miller's actions as alleged by plaintiff likely fall under the discretionary function exception and would therefore not be actionable under the FTCA.

### c. Plaintiff's Claims against Aggrey

Regarding plaintiff's tort claims against Aggrey, which are found under Counts 2A and 2B, the government agrees that plaintiff has stated a plausible claim for relief under Counts 2A and 2B based on his allegations against Aggrey.

### IV. Conclusion

For the reasons stated above, defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. The United States is the only defendant. Plaintiff's claims as to Miller are DISMISSED. Plaintiff's claims under Counts 2A and 2B continue as to Aggrey, as defended by the United States. The Clerk shall issue a scheduling order.

SO ORDERED.

    S/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

Dated: October 31, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 31, 2013, by electronic and/or ordinary mail.

    S/Sakne Chami
    Case Manager, (313) 234-5160